IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, | ) ) |
| | ) CASE No: **2:10-cv-2781** |
| Plaintiff, | ) |
| v. | ) ) |
| J. SANDERS TRUCKING, LLC and CHARLIE WILLIAM MORGAN, | ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

### Introduction

Plaintiff, State National Insurance Company ("State National"), by and through counsel, brings this action under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, seeking a declaratory judgment that the policy of commercial general liability insurance issued by Plaintiff to Defendant does not provide commercial general liability coverage for an accident that occurred on November 17, 2009, at 165 Volz Road, Ripley, Tennessee 38040, because Defendant made misrepresentations in the application to obtain coverage that materially increased the risk of loss, as contemplated by Tennessee Code Annotated § 56-7-103.

### The Parties

1. State National is a corporation organized and existing under the laws of the state of Texas with its principal place of business in Fort Worth, Texas.

2. Defendant, J. Sanders Trucking, LLC, is a limited liability company organized and existing under the laws of the state of Tennessee with its principal place of business

located at 725 Industrial Road, Halls, Tennessee 38063. Defendant is engaged in the trucking business and hauls cargo for hire.

3. Defendant, Charlie William Morgan, is a resident of Henning, Lauderdale County, Tennessee, and plaintiff in the underlying lawsuit in the Circuit Court of Tennessee for the 25th Judicial District at Ripley, captioned as follows: *Charlie William Morgan v. Jasper Sanders, Sr., Jasper Sanders, Jr., Anthony Sanders, both individually and d/b/a Sanders Trucking, Keith McAllister*, Case No. 6386.

## Jurisdiction

4. Jurisdiction in this cause is founded upon 28 U.S.C. § 1332 in that this action involves citizens of different states and the matter in controversy exceeds $75,000.

## Venue

5. The venue in this action lies in this district pursuant to 28 U.S.C. §1391(b) and (c) in that the events giving rise to this claim occurred in this district and the defendant may be found or is deemed to reside in this district

## Facts

6. This action presents for declaratory judgment an insurance coverage dispute arising from a commercial general liability ("CGL") policy of insurance, policy number TPN-000085-B ("Policy") (attached as Exhibit 1), issued by State National to Defendant, J. Sanders Trucking, LLC ("Defendant"). According to Defendant, the Policy allegedly provides CGL coverage to Defendant's property at 165 Volz Road, Ripley, Tennessee property ("Volz Location"). The Policy was in full force and effect on November 17, 2009 when the underlying accident occurred.

7. State National has provided various insurance coverages to Defendant for the past three years, from 2007 through 2010.

8. To obtain coverage for the first year, 10/29/07 to 10/29/08, Defendant submitted a Transportation Application, (attached as Exhibit 2), in which it represented that it maintained its mailing and physical address at the Volz Location. Accordingly, State National issued that year's policy, (attached as Exhibit 3), with that location as the only location and address. The 2007 policy, however, did not include CGL coverage.

9. On 9/22/08, during the first year of coverage, Defendant requested a change of physical address from the Volz Location to 725 Industrial Road, Halls, Tennessee 38063. (attached as Exhibit 4). By endorsement to the Policy, the change became effective on 9/22/08. (attached as Exhibit 5).

10. For each subsequent year of coverage, Defendant submitted a new Transportation Application in order to renew coverage for the coming year.

11. The first year's policy was renewed, effective 10/29/08 and valid to 8/01/09. (Attached as Exhibit 6). The renewal policy contained CGL coverage, for which the insured submitted a Transportation Application, with the following note in the "Describe Any Material Changes Anticipated In Operations During the Next 12 Months" box:

> Sanders Trucking, LLC . . . purchased AB Trucking, LLC. These two operations will be combined and operated under the Sanders' authority, changing the name of all to J. Sanders Trucking, LLC. The Ripley, TN location will close and the company will be operated from the Halls, TN location. AB Trucking was purchased in early August. We anticipate the combining of the two companies on one insurance policy and one authority effective 10/1/08.

(*See* 2008 Policy, Ex. 6).

Beyond that, the portion of the application pertaining to GL coverage is blank in all relevant respects.

12. In addition, an Acord Commercial Insurance Application ("Acord") (attached as Exhibit 7), dated 2/7/07, was used to issue the 2008 CGL coverage. Consistent with the 2008 Transportation Application, the Acord identified only the premises at 725 Industrial Road, Halls, TN. It also described the "Nature of Business/Description of Operation by Premises" as "Trucking, For Hire."

13. Consequently, the CGL coverage portion of 2008 policy, describing the business as "Truckers," did not include the Volz Location.

14. For the 2009 renewal, which is the year in question, Defendant informed State National that it had lost a large customer. Because of this set back, State National agreed to waive the additional premiums due at the end of the 2008 policy period in exchange for Defendant's early renewal. To do this, State National based the 2009 renewal on the 2008 Transportation and Acord, with the promise that Defendants would provide a new Transportation Application as soon as possible.

15. Like the 2008 coverage, the 2009 renewal of the Policy—which described the business as "Truckers," provided no CGL coverage for the Volz Location.

16. Sometime before October 2009, however, Defendant entered into a lease, (attached as Exhibit 8), with Keith McAllister allowing McAllister to use the Volz Location as a commercial repair shop. The lease was effective on 10/1/09.

17. On 11/17/09, Plaintiff in the underlying lawsuit and Defendant in the instant suit, Charlie William Morgan, fell into a work pit at the Volz Location.

18. On 3/8/10, Plaintiff filed suit against Defendant and Mr. McAllister. In his complaint, (attached as Exhibit 9), he alleges that he visited the Volz Location to have some repair work performed on his truck.

19. Two days later, on 3/10/10, Defendant's insurance agent, Shari Sprayberry, contacted State National to report that the Policy did not identify the Volz Location as a covered premises.

20. On 3/17/10, State National questioned Ms. Sprayberry about Defendant's use of the Volz Location. Ms. Sprayberry emailed her reply, to which she attached the 2009 Transport Application, and verified that "[Defendant] uses it to warehouse some of their things and as a terminal (no freight unloaded)." Relying on the representations in the 2009 Transportation Application, State National agreed to add new, previously nonexistent CGL coverage the Volz Location, effective 8/1/09.

21. The 2009 Transportation Application, (attached as Exhibit 10), signed by Defendants on 10/13/09, listed the Volz Location as a location to be covered. The application, however, represented that Defendant did not lease space to others, nor did it perform service work for others. Thus, State National had no expectation that the Volz Location was, in fact, leased to a third party, who opened the same to the public to perform commercial repairs.

22. Because State National originally issued the 2009 Policy to Defendant without CGL coverage on the Volz Location—which had never enjoyed CGL coverage at any point during the three years of business history between the parties—Ms. Sprayberry's efforts in March of 2010 were negotiations for completely new coverage.

23. In agreeing to include the Volz Location under the CGL coverage, State National relied on Defendant's representations in the 2009 Transportation Application, which contained

material misrepresentations about the use of the Volz Location that increased the risk of loss.

24. State National would never have written CGL coverage on the Volz Location had Defendant disclosed that it had leased the property to be used as a commercial repair shop open to the public.

### Request for Declaratory Judgment

25. State National adopts and incorporates by reference paragraphs 1 through 24, as well as Exhibits 1 through 10 to this Complaint, and requests a declaratory judgment that Defendant's misrepresentations about the use of the Volz Location materially increased the risk of loss and are grounds for rescission of the 2009 CGL Policy under Tennessee Code Annotated § 56-7-103, which provides in pertinent part:

> No written . . . misrepresentation or warranty made in the . . . application for . . . [a] policy of insurance, by the insured . . . shall be deemed material or defeat or void the policy or prevent its attaching[] . . . unless the matter represented increases the risk of loss.

Tenn. Code Ann. § 56-7-103 (2010).

26. State National would show that there is a real and immediate controversy between it and the Defendant Sanders. The immediate controversy relates to State National's obligations under the 2009 Policy issued to Defendant for CGL coverage of the Volz Location. Defendant made a claim under the CGL coverage seeking defense and indemnity from State National respecting the complaint filed in the underlying tort action. This Court has the authority to resolve this controversy under the Declaratory Judgment Act, 28 USC §2201, et seq.

27. State National requests the Court to declare that Defendant Sanders made material misrepresentations in the 2009 Transportation Application about the use of the Volz

Location, which materially increased the risk of loss, and that State National is entitled to rescission under Tennessee Code Annotated § 56-7-103.

**WHEREFORE,** State National seeks judgment against the Defendants and prays that the Court find as follows:

a) That a real and immediate controversy exists between the parties.

b) That Defendant Sanders made material misrepresentations in the 2009 Transportation Application about the use of the Volz Location, which materially increased the risk of loss, and that State National is entitled to rescission under Tennessee Code Annotated § 56-7-103 and that it has no obligation to defend or indemnify Defendant Sanders for the accident of November 17, 2009 or the lawsuit respecting the same.

c) That State National is entitled to all costs associated with filing this action and all other relief that the Court deems just and equitable.

        Respectfully submitted,

        LEWIS, KING, KRIEG & WALDROP, P.C.

        By: /s/ R. Dale Bay
        R. Dale Bay, BPR # 10896
        Daniel W. Olivas, BPR # 24641
        424 Church Street, Suite 2500
        P.O. Box 198615
        Nashville, TN  37219
        Phone:  (615) 259-1366
        Fax:  (615) 259-1389
        Email:  dbay@lewisking.com
        Email:  dolivas@lewisking.com

        *Attorneys for Plaintiff*
        *State National Insurance Company*

## **COST BOND**

We, Lewis, King, Krieg and Waldrop, P.C., as principal and surety, are responsible for all costs in this matter, not to exceed five hundred dollars ($500.00).

<u>/s/ R. Dale Bay</u>